UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 06cv1514WQH(AJB) |
| Plaintiff, | ORDER FOR SETTLEMENT OF CIVIL FORFEITURE |
| v. | |
| ONE RESIDENTIAL PROPERTY, LOCATED AT 3828 SHYA WAY, ALPINE, CALIFORNIA AND ALL IMPROVEMENTS AND APPURTENANCES AFFIXED THERETO | |
| Defendant. | |

Having reviewed the foregoing Stipulation and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED:

The Stipulation is approved;

1. That the costs incurred by the Drug Enforcement Administration and the United States Marshals Service which were incident to the seizure of the defendant real property shall be divided equally between the claimant, Jamin Hazelaar, and the United States of America. The portion of costs from claimant, shall be deducted from claimant's settlement amount. The balance,

1  if any, shall be released to claimant, Jamin Hazelaar, through his
2  attorney of record, Richard M. Barnett.
3      2.   The defendant real property shall be marketed and sold
4  by its custodian, the United States Marshals Service, as soon as
5  is practicable.
6      3.   The sale price, selected by the United States Marshal
7  Service will be consistent with a recent appraisal by a qualified
8  appraiser in conformance with professional standards.
9      4.   The sale price shall be a cash price, the lienholders,
10 New Century Mortgage Corporation, at their option, may permit an
11 assumption or sale subject to their respective liens.
12     5.   The net proceeds of the sale of defendant property shall
13 be distributed as follows:
14        a.   The United States shall receive eighty-five (85%)
15 percent from the sale of defendant property.  This amount shall be
16 condemned and forfeited to the United States.
17        b.   Claimant, Jamin Hazelaar, shall receive fifteen
18 (15%) from the sale of the defendant property, through his
19 attorney of record, Richard M. Barnett.
20     6.   The net proceeds of the sale of the defendant property
21 shall include all money realized from the sale of the defendant
22 property except for the following:
23        a.   The amount due on promissory notes secured by deeds
24 of trust which facilitated the purchase of the property by
25 claimants;
26        b.   Real estate property taxes and assessments;
27        c.   Insurance costs;
28        d.   Real estate commissions, if any;

1     e. Escrow fees, document fees and transfer tax;

2     f. Document recording fees not paid by the buyer;

3     g. Any and all costs incurred by the United States Marshals Service and the Drug Enforcement Administration incident to the seizure and maintenance of the defendant property;

  7. The claimants agree to execute and submit any appropriate documents to facilitate the sale of the property.

  8. That in the event the prospective proceeds of the sale of defendant property are determined to be insufficient to pay the respective lienholders in full, plaintiff will release its interest to the exercise of the lienholder's rights of foreclosure pursuant to California law.

  9. The person or persons who made the arrests, searches, and seizures, the United States and the prosecutor shall not be liable to suit or judgment on account of such actions in accordance with Title 28, United States Code, Section 2465. Jamin Hazelaar agreed that by entering into this stipulation, he has not "substantially prevailed" within the meaning of 28 U.S.C. § 2465. Each party shall bear its own costs and expenses, including attorney fees.

  10. The claimant, his agents, employees, or assigns, shall hold and save harmless the United States of America, its agents and employees, from any and all claims which might result from the seizure of the above-described defendant.

///
///
///
///

|   |   |
|---|---|
| 1 | 11. The claimant knowingly and voluntarily waives any and all constitutional claims and defenses to the forfeiture of the defendant including, but not limited to, the Eighth Amendment protection against excessive fines. |

     11.  The claimant knowingly and voluntarily waives any and all constitutional claims and defenses to the forfeiture of the defendant including, but not limited to, the Eighth Amendment protection against excessive fines.

     12.  The case is hereby ordered closed.  Let judgment be entered accordingly.

DATED: February 12, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge